The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: **September 24, 2024**

**No. A-1-CA-40870**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**COURTNEY MCCALEP a/k/a**
**COURTNEY LEON MCCALEP,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joseph A. Montano, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**HANISEE, Judge.**

{1}     The memorandum opinion filed June 10, 2024, is hereby withdrawn, and this opinion is substituted in its place. Defendant Courtney McCalep appeals his conviction of aggravated battery without great bodily harm, contrary to NMSA 1978, Section 30-3-5(A), (B) (1969). On appeal, Defendant argues the district court abused its discretion in denying two untimely motions he filed to suppress evidence of the victim's prior, out-of-court identification of Defendant as well as the victim's forthcoming in-court identification of him. Defendant argues that police procedures used to obtain the victim's out-of-court identification at the scene of the arrest were unduly suggestive of Defendant's guilt in violation of his due process rights under Article II, Section 18 of the New Mexico Constitution and the per se prohibition of such impermissibly obtained identifications announced in *State v. Martinez*, 2021-NMSC-002, ¶¶ 72, 79, 86, 478 P.3d 880. Defendant further asserts that, under the rule announced in *Martinez*, the victim's subsequent in-court identification of him was unduly tainted by the suggestive, out-of-court identification and should have been suppressed as well. *See id.* ¶ 86. Defendant lastly argues that, alternatively, if the district court did not abuse its discretion in denying Defendant's untimely motions, Defendant received ineffective assistance of counsel for his attorney's

failure to file the suppression motion earlier in the case. For the reasons set forth below, we affirm.

**DISCUSSION**

**Defendant's Motion to Suppress**

{2}     The aggravated battery of which Defendant was convicted occurred on June 8, 2020. Defendant's first attorney entered his appearance in the case on August 11, 2020, and the district court ordered all pretrial motions to be filed by November 27, 2020. As of that date, Defendant had not filed any evidentiary motions. On January 25, 2021, the district court entered an order continuing Defendant's trial until sometime after February 1, 2021, due to the COVID-19 pandemic. Almost fourteen months later, on March 16, 2022, and still without any evidentiary motions filed by Defendant, the parties stipulated that they were ready for trial. Thereafter, on May 19, 2022, the district court approved substitution of defense counsel in the case, and Defendant's second attorney then took over Defendant's representation.

{3}     Defendant submitted his first evidentiary motions in the case, entitled "Defendant's Motions In Limine," on July 16, 2022, ten days prior to trial, and included, in part, a request that the district court suppress the victim's anticipated in-court identification of Defendant. Defendant's motion regarding the forthcoming identification, in total, was limited to the following statement:

> 10. Exclusion of [i]n-[c]ourt [i]dentification—an order precluding and excluding any in-court identification of . . . Defendant by [the victim]

as prior identification were [sic] done improperly and have subsequently tainted in[-]court identifications. *See State v. Martinez*, 2021-NMSC-002.

At a pretrial hearing two days later, the district court invited the parties to submit supplemental briefing on Defendant's motion to suppress "particularly pursuant to *Antonio M.*," which the district court explained is a "juvenile case, but it really looks at *Martinez* and whether or not it is actually applicable to in-court identifications." *See State v. Antonio M.* (*Antonio M. I*), 2022-NMCA-041, 516 P.3d 193, *rev'd on other grounds by State v. Antonio M.* (*Antonio M. II*), 2023-NMSC-022, 536 P.3d 487;[1] *see also Martinez*, 2021-NMSC-002, ¶¶ 72-80 (adopting per se exclusion of in-court identifications of criminal defendants by witnesses who participated in unduly suggestive out-of-court identifications). The district court further explained that the parties' briefing may "involv[e] *Martinez* as well." *See Martinez*, 2021-NMSC-002, ¶¶ 72-80.

{4} The State submitted its supplemental brief on July 22, 2022, the day before a follow-up hearing on the matter, but Defendant submitted his supplemental briefing

---

[1]During the pendency of this appeal, our Supreme Court reversed part of this Court's opinion in *Antonio M. I* as it relates to in-court identification testimony from "collateral witnesses," or persons who can identify a defendant from circumstances separate from the alleged crime itself. *See Antonio M. II*, 2023-NMSC-022, ¶¶ 8, 29, 34. Because the district court's reference to *Antonio M. I* in this case relates only to portions of that opinion not reversed by *Antonio M. II*, and because the district court's discussion of *Antonio M. I* does not affect our holding today, we do not further discuss *Antonio M. II* in this opinion.

only on July 25, 2022, the day before trial and *after* the district court held the follow-up hearing. As in his original motion, Defendant's brief contained no factual allegations pertaining to the instant case from which the district court could determine the applicability of *Martinez* or *Antonio M. I*. Instead, Defendant's brief merely expressed his view that the per se exclusion of in-court witness identifications following out-of-court witness identifications obtained through unnecessarily suggestive means applied herein. *See Martinez*, 2021-NMSC-002, ¶¶ 76, 79. Without asserting any facts explaining how the victim's identification of Defendant in this case was improperly obtained from the outset, Defendant concluded his brief by asking the district court to exclude "an in-court identification of [Defendant] . . . and any other relief the [c]ourt finds just and proper under the circumstances."

{5} The district court denied Defendant's motion to suppress the victim's anticipated in-court identification of Defendant, finding that Defendant failed to "explain how the [out-of-court] identification was done impermissibly or [was] unnecessarily suggestive" and that "[t]he [c]ourt cannot determine whether the out-of-court identification was done impermissibly without being able to apply the law to the facts." Indeed, under *Martinez*, the "question of whether the identification is unnecessarily suggestive focuses not only on the identification procedure itself but also on whether the police have a good reason to use a suggestive identification

4

procedure in the first instance." 2021-NMSC-002, ¶ 79 (emphasis omitted). In other words, Defendant's motion failed to supply facts by which such a determination could have been made.

{6}	Thereafter, on July 26, 2022, and following the start of trial, Defendant filed a renewed motion to suppress the victim's out-of-court identification, as well as the victim's anticipated in-court identification testimony. In his renewed motion—filed minutes *after* the district court called the case to begin jury selection—Defendant finally included factual allegations bearing upon his belief that the victim's out-of-court identification was obtained through unduly suggestive means. Nonetheless, the district court denied the motion in a hearing held after the jury had been empaneled and sworn, finding that it was then untimely under *City of Santa Fe v. Marquez*, 2012-NMSC-031, ¶ 25, 285 P.3d 637 (stating that "our rules require suppression motions to be filed prior to trial, absent good cause"). *See* Rule 5-212(C) NMRA.

{7}	The district court explained that Defendant bore the burden of proving the victim's out-of-court identification of him was unconstitutionally obtained and that without litigating such an issue before trial in a substantive hearing, the State would wrongly forfeit its right to appeal an order suppressing such an identification were the jury to acquit Defendant of the charges. *See Martinez*, 2021-NMSC-002, ¶ 88 (stating "the initial burden is on the defendant to show some indication of suggestiveness in law enforcement's administration of the eyewitness identification

procedure"); *see also Marquez*, 2012-NMSC-031, ¶ 15 (explaining that, where a trial court makes an evidentiary ruling after jeopardy attaches, "the [s]tate is barred from appealing when a defendant is acquitted by the trial court no matter how egregiously erroneous the trial court's ruling" (internal quotation marks and citation omitted)). Stated succinctly, the district court found that Defendant failed to establish a prima facie showing that the identification was unconstitutional, as required by *Martinez*, 2021-NMSC-002, ¶ 88, and that Defendant's renewed motion was untimely under *Marquez*, 2012-NMSC-031, ¶ 26.

{8}      Defendant argues that the district court's denial of both his original and renewed motions to suppress is reviewed for abuse of discretion, and that under such standard, the district court's denial of his motions constituted an abuse of discretion warranting reversal. Considering each motion in turn, we disagree with Defendant's arguments and conclude that the district court properly ruled on the motions before it. We explain.

{9}      Defendant asserts that the district court abused its discretion in denying his original motion to suppress "because the court was singularly focused on the wrong case law." Defendant avers that, after he filed his first motion on the identification issue, the district court became focused on *Antonio M. I*, 2022-NMCA-041, which Defendant asserts is inapposite to the instant case. Defendant continues that the district court's erroneous focus on *Antonio M. I* "precluded him from making factual

6

arguments in support of suppress[ing]" the victim's identification of him. The record does not support Defendant's argument. Rather, the record reveals that Defendant presented no facts supporting his assertion that the victim's out-of-court identification of Defendant should be suppressed, and the district court never made any indication, implicit or otherwise, that Defendant was precluded from doing so. On the contrary, as the district court stated in its order, Defendant failed to provide any "information on the out-of-court identification process and whether it was done improperly."

{10}    Even if we indulge Defendant's argument that the district court's request for supplemental briefing on Defendant's suppression motion "particularly pursuant to *Antonio M.* [*I*]" was an implicit restriction on Defendant's permissible arguments— a notion we reject—Defendant does not explain how his original motion satisfied the requirements of either the district court's prior scheduling order or the rule laid out in *Martinez* requiring that Defendant first establish a prima facie showing that "some aspect of the identification procedure . . . was suggestive in nature." *See* 2021-NMSC-002, ¶ 80. Not only did Defendant wait until ten days prior to trial to raise the in-court identification issue—a violation of the district court's scheduling order—he did not provide the district court with any factual basis upon which the district court could grant him the relief he sought until *after* the court called the case for jury selection, even when he was provided an opportunity to submit supplemental

briefing on the issue despite the passage of prior motion deadlines in the case. We therefore discern no error by the district court in its determination that Defendant failed to make a prima facie showing that the victim's out-of-court identification was unlawful and properly denied his motion to suppress the victim's forthcoming in-court identification. *See id.* ¶¶ 80, 88.

{11} We similarly discern no error in the district court's denial of Defendant's renewed suppression motion as untimely. As we have stated, *Marquez* presents a bright-line rule regarding the timely submission of suppression motions that serves to protect the state's right to appeal once a defendant has been put in jeopardy. *See* 2012-NMSC-031, ¶ 26 ("[T]o avoid having the prosecution's appeal rights inadvertently extinguished by double jeopardy protections, we . . . hold that trial courts must *adjudicate* any suppression issues prior to trial, absent good cause for delaying such rulings until trial."); *see also* Rule 5-212(C) ("A motion to suppress shall be filed no less than sixty (60) days prior to trial, unless, upon good cause shown, the trial court waives the time requirement."). While Defendant argues that good cause did exist in this case—due to delay caused by "the COVID-19 pandemic, substitution of trial counsel shortly before trial, and an over-burdened public defender office"—we are unpersuaded.

{12} To begin, the COVID-19 pandemic resulted only in a delay of Defendant's trial, not the filing of motions in relation thereto. Nothing prevented Defendant from

filing motions or otherwise advancing his case while trial in the matter was continued. Indeed, Defendant did file his own motion during that time urging the district court to review his conditions of release. Moreover, late substitution of defense counsel assigned to this case has no bearing on Defendant's ability to timely file motions or comply with the Rules of Criminal Procedure. *See* LR2-308(F)(7) NMRA (2020) ("Substitution of counsel alone ordinarily shall not constitute good cause for an extension of time.").[2] While Defendant's second attorney certainly may not have known about the alleged impropriety of the victim's out-of-court identification until the attorney's entry in the case, Defendant does not explain to us how that prevented his first attorney from properly raising the issue with the district court.

{13}    Defendant asserts that the "district court did not reach the merits of the identification issue until the day[ ]of trial due to its own misapprehension of the applicable case law." The record does not support such an argument. As stated, Defendant did not present any facts supporting his argument until *after* jury selection began, and as a result, the district court's first opportunity to hear factual argument on the matter was after jeopardy had attached. *See State v. Roybal*, 2006-NMCA-043, ¶ 22, 139 N.M. 341, 132 P.3d 598 ("Jeopardy attaches in a jury trial when the

---

[2]LR2-308(F)(7) (2020) was amended on August 29, 2022, and the good cause language was removed. However, this version of the rule was still in effect at the time of these proceedings.

jury is empaneled and sworn." (text only) (citation omitted)). Thus, the district court correctly considered the procedure explained in *Marquez*, 2012-NMSC-031, ¶ 26, and properly denied Defendant's untimely renewed motion to suppress.

**Ineffective Assistance of Counsel**

{14} Defendant next argues that he received ineffective assistance of counsel for his attorneys' failure to properly raise the identification issue in a pretrial suppression motion. Because Defendant fails to show he was prejudiced by any asserted error by counsel, we reject his argument.

{15} A claim of ineffective assistance of counsel is reviewed de novo. *State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18. When evaluating such claims on direct appeal, we evaluate facts that are part of the record, and "require [a d]efendant to show, first, that his counsel's performance was deficient and, second, that this deficiency prejudiced his defense." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* "To show prejudice, we look to the record to determine whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

10

would have been different." *Garcia v. State*, 2010-NMSC-023, ¶ 41, 148 N.M. 414, 237 P.3d 716 (internal quotation marks and citation omitted).

{16} Here, even if we assume that effective counsel would have properly moved to suppress the out-of-court identification of Defendant, Defendant has failed to show on this direct appeal that he was prejudiced by defense counsel's failure to do so. *See State v. Padilla*, 1996-NMCA-072, ¶¶ 16-22, 122 N.M. 92, 920 P.2d 1046 (stating, about a factual circumstance nearly identical to that in the instant case, that the defendant failed to show prejudice because incriminating evidence outside of the identification assured the outcome of the case). At trial, evidence was introduced that Defendant attacked the victim with a crowbar after the victim backed into Defendant's car in a parking lot. Officers arrived at the scene within approximately ten minutes of the attack, and the arresting officer testified that he later saw a person who generally matched the description of Defendant provided by the victim and who appeared to be exiting a business near where both the victim's vehicle and Defendant's vehicle still remained. When officers approached Defendant at the scene, Defendant told them that he owned the car and that the victim had backed into him and Defendant was then placed under arrest.

{17} Even were we to assume that the ensuing show up identification at issue here—which occurred in the same parking lot about an hour after the assault and within minutes of Defendant's arrest—was suggestive in nature, the other

11

incriminating evidence admitted against Defendant at trial sufficiently establishes no reasonable probability that the outcome of the proceeding would have been different had the victim's identification been suppressed. In addition to the victim's testimony in this regard, other evidence offered at trial included: one officer's testimony that Defendant's appearance at the scene generally matched the description of the suspect they were looking for and that Defendant was found in the immediate vicinity of the incident; two officer's statements that Defendant admitted the car hit by the victim was his; and two officers' in-court identification of Defendant based on their observance of him at the scene of arrest. Thus, the victim's out-of-court and in-court identifications of Defendant were effectively cumulative of the evidence already presented against him, and suppression of it would not have changed the outcome of the trial to a reasonable probability. *See id.*

{18}     We therefore conclude that Defendant did not make a prima facie showing of prejudice resulting from his counsel's error, if any, and reject on direct appeal his argument that he received ineffective assistance of counsel. Nothing about our determination today should be construed to limit Defendant's ability to bring an ineffective assistance of counsel claim by way of a habeas corpus petition or in a proceeding better suited to develop facts related to the challenged identifications and the trial record as a whole.

**CONCLUSION**

{19}     For the reasons set forth above, we affirm.

{20}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JACQUELINE R. MEDINA, Judge**

_____
**KATHERINE A. WRAY, Judge**